**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CLAUDE ROBY,**

      **Plaintiff,**　　　　　　　**CIVIL ACTION NO. 13-cv-14330**

      **v.**　　　　　　　　　　　　**DISTRICT JUDGE AVERN COHN**

**COMMISSIONER OF**　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Claude Roby seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 9) and Defendant's Motion for Summary Judgment (docket no. 10). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 2.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 9) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 10) be GRANTED.

## II. PROCEDURAL HISTORY

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income with a protective filing date of March 24, 2011, alleging disability beginning October 1, 2008, due to left leg problems. (*See* TR 20, 191.) The Social Security Administration denied Plaintiff's claim on June 1, 2011, and Plaintiff requested a *de novo* hearing, which was held on July 13, 2012, before Administrative Law Judge (ALJ) Ronald Herman, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 20-30.) The Appeals Council declined to review the ALJ's decision (TR 1-4), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND THE VOCATIONAL EXPERT'S TESTIMONY

### A. Plaintiff's Testimony and the Medical Evidence of Record

In his brief, Plaintiff sets forth a short procedural history of this matter and discusses the ALJ's basis for denying his benefits. (Docket no. 9 at 5.) Notably, Plaintiff's brief fails to contain a single reference to the medical record. (*See* docket no. 9.) Further, Plaintiff's discussion of his testimony is limited to the following:

> The claimant testified at the hearing that he has a severe left leg and back pain. (Tr. 39, 40) He ambulates with a walker. (Tr. 39) He is not able to stand for longer than 3-5 minutes because of the back pain and leg pain. (Tr. 46) His balance also affects his ability to stand. (Tr. 39) He also cannot sit for prolonged periods of time due to the pain and the fact that he dozes off because of the medication that he's on for the pain. (Tr. 40, 45) He is limited in his ability to sit to about 10-15 minutes before the pain sets in. (Tr. 46)
>
> As a result of his pain, he takes medication and has frequent doctor's visits.

2

>(Tr. 40) Without the medication, Mr. Roby has extreme pain. (Tr. 40) With his medication, he sleeps frequently and for prolonged periods of time. (Tr. 40)
>
>Because of the physical ailments that he suffers from, he is limited in his daily activities. As a result, Mr. Roby is significantly limited in performing his day-to-day activities such as grocery shopping, cooking, and cleaning. (Tr. 43) His wife even helps him with the bare necessities such as bathing and getting dressed. (Tr. 43)

(Docket no. 9 at 9-10.)  Defendant sets forth Plaintiff's medical record and testimony in a manner similar to the ALJ's discussion of the same.  (*Compare* docket no. 10 at 7-8, 10-14, *with* TR 23-27.)  The undersigned has conducted an independent review of the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein.  Therefore, Plaintiff's medical record and testimony as set forth in the ALJ's decision (TR 23-27) and Plaintiff's brief (docket no. 9 at 9-10) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### B. Vocational Expert's Testimony

The ALJ asked the Vocational Expert (VE) whether a hypothetical person vocationally situated as is the claimant, who is able to stand and/or walk for up to two hours in an eight hour work day; sit for up to six hours in an eight hour work day; should only perform postural activities such as bending, stooping, crouching, crawling, and the like only on an occasional basis; should be allowed to have a sit/stand option provided the person is not off task more than ten percent of the work day; should only occasionally use the left upper extremity to help guide the dominant right upper extremity; and should avoid working around hazards, dangerous machinery, heights, and the like, could perform Plaintiff's past relevant work.  (TR 51-52.)  The VE testified that such an individual could not perform Plaintiff's past relevant work but could perform other jobs such as a final assembler, for which there were approximately 2,000 jobs available; a laminator, for which

there were 1,200 jobs available; and an inspector, for which there were 2,500 jobs available. (TR 52.)

The ALJ then asked the VE whether, assuming that the hypothetical person is found to be fully credible and that because of severe pain and discomfort the person would need to miss multiple days of work per week, to the point that the person would need to miss two to four days of work per month, if not more, any job would allow for such frequency of absences. (TR 52-53.) The VE responded that there would be no jobs for such a person. (TR 53.) The VE added that in his experience, given current economic factors for unskilled work, a person can miss work one to two times per month and still maintain employment. (TR 53.)

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013, and that he had not engaged in substantial gainful activity since the alleged onset date of October 1, 2008. (TR 22.) The ALJ then found that Plaintiff suffered from the following severe impairments: left lower extremity pain; back pain, left arm pain, and chest pain. (TR 22.) The ALJ further found that Plaintiff's impairment did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 22-23.) The ALJ then determined that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can bend, stoop, crouch, and crawl on no more than an occasional basis. The claimant must have the option to sit and stand at will, provided that he is not off task more than ten percent of the workday. He can only occasionally use his left upper extremity as a guide for the right upper extremity. The claimant must avoid working around hazards such as dangerous machinery, heights, and the like.

(TR 23-28.) Subsequently, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of his past relevant work but that he could perform a significant number of jobs in the

4

national economy. (TR 28-29.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from October 1, 2008, through the date of the ALJ's decision. (TR 29-30.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can

go either way, without interference by the courts").

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C.     Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in

conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded under sentence four because "[t]he Commissioner erred as a matter of law in failing to properly evaluate the medical records and opinions of evidence, and thereby, formed an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments." (Docket no. 9 at 7.) In passing, Plaintiff also states that "the [ALJ's] reasoning to support his lack of credibility is not substantiated" and that "the ALJ gave no reasoning or justification to the finding that [Plaintiff] was not credible." (*Id.* at 10, 11.)

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible. The VE testified that there are jobs available for a person with these limitations. Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion

asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly evaluate the medical opinions.

Plaintiff's argument fails, as his entire discussion of this matter is limited to several pages of legal standards and a few vague references to his testimony. (*See* docket no. 9.) Plaintiff does not discuss why he believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter wherein Plaintiff's counsel filed an almost identical brief on this issue, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for his challenge to the ALJ's assessment of his credibility." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, at *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J.). Moreover, Plaintiff's position on the ALJ's assessment of his credibility is unclear. At one point in his Motion, Plaintiff claims that "the [ALJ's] reasoning to support his lack of credibility is not substantiated." (Docket no. 9 at 10.) Later, Plaintiff contradicts himself by asserting that "the ALJ gave no reasoning or justification to the finding that [Plaintiff] was not credible." (*Id.* at 11.) Therefore, Plaintiff's Motion should be denied.

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's

8

repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)).  The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec*., No. 09-13700 (E.D. Mich. Mar. 2, 2011)).

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel."   2014 WL 1207865*,* at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings.  *Id.*  Nevertheless, any consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate as the instant Motion was filed prior to Chief Judge Rosen's decision in *Fielder*.

## VI.     CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 9) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 10) be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: October 7, 2014           s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 7, 2014              s/ Lisa C. Bartlett
                                    Case Manager